J-A15030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF RANDI RATUSHNY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBIN K. THOMAS | No. 3358 EDA 2013 |

Appeal from the Order Entered November 8, 2013
In the Court of Common Pleas of Northampton County
Orphans' Court at No(s): 2012-1527

BEFORE: PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 08, 2014**

Robin K. Thomas appeals from the order entered in the Orphans' Court Division of the Court of Common Pleas of Northampton County, denying her exceptions to the court's order dated October 25, 2013. After careful review, we affirm.

Randi Ratushny ("Decedent") died on September 18, 2012, leaving a will dated January 9, 2003. After directing the payment of debts and funeral expenses, Decedent gave her entire estate to her brother, James G. Emlen, and appointed him as executor. Of particular relevance to the instant appeal is Item SECOND of the will, which provides as follows:

> **SECOND:** <u>Specific Devise</u>: I devise to **JAMES G. EMLEN**, of Delray Beach, Florida, if he survives me, the parcel of real property known as 4000 Sherry Hill Road, Lower Saucon Township, Northampton County, Pennsylvania along with all appurtenances and improvements used in connection therewith, including all furniture therein, if owned by me at the time of my death. If my mother predeceases me, then I devise said real estate to my sister, **ROBIN THOMAS**, if she survives me.

Last Will of Randi Ratushny, 1/9/03, at Item SECOND.

On February 6, 2013, Thomas filed a petition to appoint and disqualify executor of Decedent's will. In her petition, Thomas claimed that Decedent's named executor, Emlen, was not qualified to serve in that capacity due to, *inter alia*, poor health, issues with alcohol, failure to maintain Decedent's residence and insurance thereon, and waste and mismanagement of the estate. Thomas further alleged that the substitute executors named in Decedent's will were also incompetent to serve due to "mismanagement and/or unlawful conversion of funds held for Decedent," and, instead, sought her own appointment as Administratrix CTA.

Emlen filed an answer, new matter and counterclaim, in which he asserted that Thomas lacked standing to file her petition. He also claimed that he had been sworn in as executor but unable to finalize his appointment because Thomas would not provide him with a death certificate for Decedent; as such, he could not be "removed" from an office he did not yet hold. Finally, Emlen sought counsel fees due to Thomas' allegedly dilatory, obdurate and vexatious conduct.

On April 24, 2013, Emlen filed a petition for declaratory judgment, seeking an interpretation by the court of Item SECOND of Decedent's will. Emlen claimed that the provision contained an ambiguity because the words "my mother" should have been replaced with "James G. Emlen," which was

not done due to an inadvertant error by the will's scrivener, Michael F. Corriere, Esquire.

The Orphans' Court held a hearing on both petitions on October 9, 2013, after which it issued an order granting Emlen's petition for declaratory judgment and denying Thomas' petition to disqualify. The court found that Item SECOND was ambiguous in that it could be read to devise Decedent's real property to both Emlen and Thomas at the same time, as Decedent's mother had predeceased her. Accordingly, the court properly considered the testimony of Attorney Corriere to determine Decedent's intent with regard to the disposition of her real property. Attorney Corriere testified that Decedent had intended to devise the real property to Emlen and, if Emlen predeceased her, to Thomas. He testified that, in revising a prior will he had drafted for Decedent, he inadvertently failed to change the words "if my mother predeceases me . . ." to "if James G. Emlen predeceases me[.]"

Thomas filed exceptions to the court's order, which were denied on November 8, 2013. This timely appeal follows, in which Thomas raises the following issues for our review:

> 1. Did the [Orphans' Court] commit an error of law and abuse its discretion by denying the exceptions filed by Robin K. Thomas to the order of court dated October 25, 2013, in that paragraph second of the Decedent's will is clear and unambiguous?
>
> 2. Did the [Orphans' Court] commit an error of law and abuse its discretion by denying the exceptions filed by Robin K. Thomas to the order of court dated October 25, 2013, in that [Emlen] should have been removed and/or

> disqualified as executor of the Decedent's estate and [Thomas] should have been appointed Administratrix C.T.A. thereof?

Brief of Appellant, at 4.

We begin by noting:

> Our standard of review of an [O]rphans' [C]ourt's decision is deferential. When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

> However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Strahsmeier*, 54 A.3d 359, 362-63 (Pa. Super. 2012). An abuse of discretion is not merely an error of judgment. *Id.* at 363. Rather, discretion is abused if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias or ill will. *Id.*

Thomas first claims that the Orphans' Court erred in finding that Item SECOND of Decedent's will was ambiguous and allowing the scrivener to testify as to Decedent's intent. Because Decedent was predeceased by her mother, Thomas argues that the second sentence of Item SECOND becomes operative, and she is the rightful devisee of the real property. For the following reasons, this claim is without merit.

It is well established that

the testator's intention is the polestar in the construction of every will and that intention must be ascertained from the language and scheme of his entire will together with the surrounding facts and circumstances; it is not what the Court thinks he might or would or should have said in the existing circumstances, or even what the Court thinks he meant to say, but what is the meaning of his words.

*Estate of Zucker*, 761 A.2d 148, 150-51 (Pa. Super. 2000), quoting *Houston Estate*, 201 A.2d 592, 595 (Pa. 1964) (citation and brackets omitted).  Only when the language of a will is ambiguous do we resort to canons of construction.  *Id.* at 151.  Our Supreme Court has repeatedly held that, "[w]here a latent ambiguity exists . . . parol evidence is admissible to explain or clarify the ambiguity, irrespective of whether the latent ambiguity is created by the language of the Will or by extrinsic or collateral circumstances[.]" *In re Wachstetter Will*, 216 A.2d 66, 70 (Pa. 1966).

Here, Decedent began Item SECOND by devising her real property to Emlen.  That outright devise is followed by a contingent devise to Thomas, in the event Decedent's mother predeceases Decedent.  Decedent's mother did, in fact, predecease her.  As such, the will is ambiguous in that it may be read to devise the same parcel of real property to both Emlen and Thomas simultaneously.  Given this ambiguity, the court properly admitted the testimony of Attorney Corriere to clarify the Decedent's intent.  *See id.*

Thomas next asserts that the Orphans' Court erred by failing to either disqualify or remove Emlen from serving as executor.  However, because we

have determined that the Orphans' Court properly admitted the testimony of Attorney Corriere to show that Decedent intended to devise her real property to Emlen, Thomas is not a party in interest under the will and, as such, lacks standing to seek Emlen's removal. *See* 20 Pa.C.S.A. § 3183 ("The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him.") Accordingly, Thomas' second and final claim is moot.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2014